## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Michele Clutts,

        Plaintiff,

v.                                 Case No. 06-2544-JWL

Dillard's, Inc.,

        Defendant.

### MEMORANDUM AND ORDER

Plaintiff filed suit against defendant, her former employer, asserting claims of sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and wrongful discharge in violation of state law.  This matter is presently before the court on defendant's motion to dismiss and compel arbitration (doc. 2) and plaintiff's motion for leave to file a sur-reply (doc. 17).  As explained below, defendant's motion to dismiss and compel arbitration is retained under advisement and plaintiff's motion for leave to file a sur-reply is granted.

*Applicable Standard*

The Courts of Appeals have uniformly applied in the context of motions to compel arbitration brought under the Federal Arbitration Act ('FAA'), 9 U.S.C. § 4 (2000), a standard similar to that applicable to motions for summary judgment.  *See, e.g., Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (applying a summary-judgment-like standard in ruling on a

motion to compel arbitration); *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002) (same); *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 n.9 (3d Cir. 1980) (same). Although the Tenth Circuit has not precisely addressed this issue, there is no reason to believe that it would apply a different legal standard. *See, e.g.*, *Gibson v. Wal-Mart Stores, Inc.*, 181 F.3d 1163, 1166 (10th Cir. 1999) (reviewing the district court's grant of a motion to compel arbitration under the summary judgment standard where the parties agreed that standard applied); *Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1283 (10th Cir. 1997) (holding the district court must hold a jury trial on the existence of the agreement to arbitrate where the parties raise genuine issues of material fact regarding the making of the agreement to arbitrate) (citing *Par-Knit Mills*, 636 F.2d at 54 & n.9).

Under this well-settled standard, summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). The movant need not negate the other party's claim, but rather must simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2002) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). In the context of a motion to compel arbitration, this requires the defendant to present evidence sufficient to demonstrate an enforceable agreement to arbitrate. *See Oppenheimer &*

2

*Co. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995).

*Discussion*

In its motion, defendant asserts that the court must compel arbitration because plaintiff's complaint was filed in contravention of the terms of a valid and enforceable mutual agreement to arbitrate claims. Plaintiff does not dispute that she signed an arbitration agreement and she does not dispute that the claims asserted in her complaint fall within the scope of that agreement. She contends, however, that the agreement is unenforceable because it is illusory in two separate respects–the individual who signed the agreement on behalf of defendant was not authorized to bind defendant to the agreement and defendant retains the right to modify unilaterally the arbitration agreement.[1] The court addresses each of these arguments in turn.

*Whether David Riddle was Authorized to Bind Defendant*

---

[1]Plaintiff also contends that the agreement lacks consideration because plaintiff's employment was merely at-will and, thus, defendant did not obligate itself in any manner when it continued to employ plaintiff in exchange for her promise to arbitrate. The court rejects this argument. In exchange for plaintiff's promise to arbitrate, defendant promised to submit its claims against plaintiff to arbitration. The parties' mutual promises to arbitrate constitute sufficient consideration under Kansas law. *See Durkin v. CIGNA Prop. & Cas. Corp.*, 942 F. Supp. 481, 488 (D. Kan. 1996); *see also Michalski v. Circuit City Stores, Inc.*, 177 F.3d 634, 636 (7th Cir. 1999) (an employer's promise to arbitrate in exchange for an employee's promise to do the same constitutes sufficient consideration to support the arbitration agreement). Assuming, then, that defendant's promise is not illusory, the agreement will not fail for lack of consideration.

3

Plaintiff first contends that the arbitration agreement is illusory because the individual who signed the agreement on behalf of defendant was not authorized to bind defendant to the agreement. The agreement to arbitrate executed by plaintiff contains the following language:

**[T]he Store or Operations Manager's signature below will serve to bind Dillard's to uphold its obligations under this Agreement**.

The agreement was executed on behalf of defendant by an individual named David Riddle. Plaintiff contends that Mr. Riddle, at the time he signed the agreement, was neither the Store Manager nor the Operations Manager. According to plaintiff, Mr. Riddle, at the time he signed the agreement, was the Merchandise Manager who, by the express terms of the agreement, was not authorized to execute the agreement on behalf of defendant. In support of her assertion that Mr. Riddle was the Merchandise Manager rather than the Store Manager or Operations Manager, plaintiff submits the affidavit of her mother, Jaclyne Clutts, who is employed by defendant. Ms. Clutts avers that she has personal knowledge of Mr. Riddle's job position because she worked as Mr. Riddle's assistant during the relevant time period. According to Ms. Clutts, Mr. Riddle had been the Operations Manager prior to the time the arbitration agreement was executed but that his title and position changed from Operations Manager to Merchandise Manager prior to the time the arbitration agreement was executed. Ms. Clutts avers that Mr. Riddle's title and position changed at the time another individual, Sean Conover, began employment as the Operations Manager.

Defendant, in response, urges that Mr. Riddle, at the time he executed the agreement, was the Operations Manager such that Mr. Riddle's signature was sufficient to bind defendant to the

4

agreement.  Defendant supports its argument with the affidavit of Jim Macumber, defendant's current Store Manager.  Mr. Macumber avers that both Mr. Riddle and Mr. Conover were Operations Managers at the time the agreement was executed.  Defendant also suggests that Ms. Clutts is not competent to testify as to the position held by Mr. Riddle because she is plaintiff's mother, an "hourly, part-time employee," and an employee with no supervisory authority over Mr. Riddle.  Finally, defendant highlights that plaintiff herself referred to Mr. Riddle as an Operations Manager during the relevant time period.

Plaintiff seeks to file a sur-reply to refute the affidavit of Mr. Macumber, which defendant submitted in connection with its reply.  In support of her motion, plaintiff contends that she can provide specific facts showing that defendant, contrary to Mr. Macumber's statement, did not employ two Operations Managers at the time the agreement was executed.  Plaintiff also seeks to discover the personnel files of Mr. Riddle and Mr. Conover.  Defendant opposes the request, urging that no additional argument or discovery could render the agreement unenforceable.  The pertinent question, however, is not whether plaintiff can demonstrate as a matter of law that the agreement is unenforceable but whether plaintiff can come forward with facts from which a reasonable jury could conclude that Mr. Riddle was not the Operations Manager at the time he executed the agreement.

In such circumstances, the court concludes that it is appropriate to permit plaintiff to file a surreply.  The court will also require defendant to produce to plaintiff any and all documents (but not necessarily the entire personnel files of Mssrs. Riddle and Conover) concerning the specific job titles held by Mr. Riddle and Mr. Conover during the relevant time frame.  Plaintiff

5

will then be permitted to file a sur-reply and, because defendant is entitled to the "last word" on its motion, defendant will be permitted to reply to plaintiff's sur-reply.

*Whether Defendant Retained the Right to Modify the Agreement*

Plaintiff urges that the agreement to arbitrate is also illusory because it allows defendant to unilaterally modify the terms at any time. In support of this argument, plaintiff relies on language not in the arbitration agreement itself or the accompanying Rules of Arbitration but in defendant's employee handbook and an "associate certification" signed by plaintiff that generally reference defendant's ability to change unilaterally defendant's rules, policies and benefits. As highlighted by defendant, however, neither the arbitration agreement nor the Rules of Arbitration reserves defendant's right to modify the terms of the arbitration agreement. Moreover, neither defendant's employee handbook nor the associate certification mentions the arbitration agreement in particular or arbitration procedures in general. In other words, the arbitration agreement and Rules of Arbitration are entirely separate and distinct from the employee handbook and associate certification. These facts, then, set this case apart from those cases in which courts have found arbitration agreements illusory based on language in an employee handbook. *See, e.g.*, *Dumais v. American Golf Corp.*, 299 F.3d 1216, 1217 (10th Cir. 2002) (arbitration agreement was illusory where employee handbook, which included arbitration provision, reserved employer's right to modify); *Barnes v. Securitas Security Sys. USA, Inc.*, 2006 WL 42233, at *1-2 (D. Kan. Jan. 6, 2006) (same). The court, then, rejects plaintiff's argument that defendant may unilaterally modify the arbitration agreement. *See Hill v.*

6

*Peoplesoft USA, Inc.*, 412 F.3d 540, 543-44 (4th Cir. 2005) (arbitration agreement was separate and distinct from other documents permitting modification where the agreement was set forth in a comprehensive six-page document which the employee signed and agreement, on its face, unambiguously required both parties to arbitrate).[2]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss and to compel arbitration (doc. 2) is **retained under advisement** and plaintiff's motion for leave to file a sur-reply (doc. 17) is **granted**.  Defendant shall provide to plaintiff no later than **Monday, May 21, 2007** a copy of the documents described herein.  Plaintiff shall file her sur-reply no later than **Monday, June 4, 2007**; defendant shall file a reply to plaintiff's sur-reply no later than **Monday, June 18, 2007**.

**IT IS SO ORDERED.**

Dated this 9th  day of May, 2007, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2]  While plaintiff contends that it is "reasonable" to read these documents together because she signed the arbitration agreement at the same time that she signed the associate certification, plaintiff offers no support for her theory that such facts render the arbitration agreement illusory.

7