IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Michele Clutts,**

      **Plaintiff,**

**v.**                                               **Case No. 06-2544-JWL**

**Dillard's, Inc.,**

      **Defendant.**

## ORDER

On July 2, 2007, the court held a motion hearing via telephone on defendant's motion to dismiss and to compel arbitration (doc. 2) and, at the conclusion of that hearing, retained that motion under advisement pending a jury's resolution of the issue of whether the parties agreed to arbitrate their claims and, more specifically, whether David Riddle, at the time he signed the agreement on September 30, 2002, was "Operations Manager" at Dillard's Oak Park store as that phrase is used in the arbitration agreement such that his signature is sufficient to bind Dillard's to the arbitration agreement and render the agreement enforceable.

On August 31, 2007, following a jury trial on the issue, the jury returned a verdict finding that David Riddle, on September 30, 2002, was "Operations Manager" of Dillard's Oak Park store as that phrase is used in the arbitration agreement. Based on this finding, the court must conclude that David Riddle's signature is sufficient to bind Dillard's to the arbitration agreement and that the agreement is thus enforceable. The parties, then, are directed to proceed to arbitration on plaintiff's claims and defendant's motion to compel arbitration is granted to that

extent. To the extent Dillard's motion to compel also sought dismissal of the action, however, the motion is denied and the court will stay the judicial proceedings against Dillard's in this case pending completion of the arbitration process, consistent with this court's practice to stay proceedings rather than dismiss a case in order to facilitate any future request to confirm the arbitration award. Counsel for the parties are directed to report to the court in writing no later than March 1, 2008 concerning the status of that arbitration in the event that it has not been terminated earlier. Failure to so report will lead to dismissal of this case for lack of prosecution.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss and to compel arbitration (doc. 2) is granted in part and denied in part. The parties are directed to proceed to arbitration on plaintiff's claims and the court will stay the judicial proceedings in this case pending completion of the arbitration process. Counsel for the parties are directed to report to the court in writing no later than March 1, 2008 concerning the status of that arbitration in the event that it has not been terminated earlier. Failure to so report will lead to dismissal of this case for lack of prosecution.

**IT IS SO ORDERED** this 31st day of August, 2007.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge
