IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Michele Clutts,

      Plaintiff,

v.                                      Case No. 06-2544-JWL

Dillard's, Inc.,

      Defendant.

## MEMORANDUM & ORDER

Plaintiff filed suit against defendant, her former employer, asserting claims of sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and wrongful discharge in violation of state law. Thereafter, defendant moved to dismiss and to compel arbitration pursuant to an arbitration agreement executed by the parties at the outset of plaintiff's employment. The agreement to arbitrate executed by the parties contains the following language:

> [T]he Store or Operations Manager's signature below will serve to bind Dillard's to uphold its obligations under this Agreement.

Plaintiff opposed the motion on the grounds that David Riddle, the individual who executed the arbitration agreement on behalf of defendant, was neither the Store nor the Operations Manager such that his signature is insufficient to bind defendant to the agreement.

The court retained defendant's motion to compel arbitration under advisement pending a jury's resolution of the issue of whether the parties agreed to arbitrate their claims and, more specifically, whether David Riddle, at the time he signed the agreement, was "Operations

Manager"[1] as that phrase is used in the arbitration agreement such that his signature is sufficient to bind Dillard's to the arbitration agreement and render the agreement enforceable. Following a trial on that issue, the jury returned a verdict finding that David Riddle, at the time he executed the agreement, was "Operations Manager" as that phrase is used in the arbitration agreement. Based on that finding, the court concluded that the arbitration agreement is enforceable and directed the parties to proceed to arbitration on plaintiff's claims. This matter is now before the court on plaintiff's motion for judgment as a matter of law or, in the alternative, for new trial. The motion is denied.

*Judgment as a Matter of Law*

In support of her motion for judgment as a matter of law, plaintiff contends that the evidence presented at trial was insufficient to permit the jury to find that Mr. Riddle was the Operations Manager at the time he executed the arbitration agreement. Judgment as a matter of law under Rule 50(b) is improper "unless the proof is all one way or so overwhelmingly preponderant in favor of the movant as to permit no other rational conclusion." *Crumpacker v. Kansas Dept. of Human Resources*, 474 F.3d 747, 751 (10th Cir. 2007). In determining whether judgment as a matter of law is proper, the court may not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. *Sims v. Great American Life Ins. Co.,* 469 F.3d 870, 891 (10th Cir. 2006). In essence, the court must affirm the jury

---

[1]The parties did not dispute that Mr. Riddle was not the Store Manager. This issue, then, was not presented to the jury for resolution.

2

verdict if, viewing the record in the light most favorable to the nonmoving party, it contains evidence upon which the jury could properly return a verdict for the nonmoving party. *See Bartee v. Michelin North America, Inc*., 374 F.3d 906, 914 (10th Cir. 2004). Conversely, the court must enter judgment as a matter of law in favor of the moving party only if "there is no legally sufficient evidentiary basis for a reasonable jury to find for the issue against that party." *Sims*, 469 F.3d at 891.

Plaintiff contends that the phrase "Operations Manager" is unambiguous and clearly refers to the person holding the job title of Operations Manager. According to plaintiff, then, no jury could have found that Mr. Riddle was the Operations Manager because the evidence at trial demonstrated that Mr. Riddle "did not fit that job title in September 2002." The court rejects this argument for two reasons. First, as explained during the limine conference and the instruction conference, the court believes that the phrase "Operations Manager" is ambiguous because it is not clear whether "Operations Manager" is used in a technical sense such that it refers to an individual who possesses the actual job title or job code of "Operations Manager" or whether "Operations Manager" is used in a functional sense such that it refers to an individual whose job duties corresponded generally to an Operations Manager. Because plaintiff's argument is premised on a conclusion that the phrase is unambiguous, it is rejected. Second, even assuming that the phrase is unambiguous and refers to an individual who possesses the actual job title or job code of "Operations Manager," sufficient evidence was presented at trial for the jury to conclude that Mr. Riddle held the job title and job code that corresponds to the "Operations Manager" referenced in the agreement. Defendant's evidence showed, for example,

3

that Mr. Riddle, at the time he executed the agreement and for the entire duration of his employment with defendant, held the official job title and job code of "S001 Asst-Operations" and that this title corresponded to the assistant store manager who was the Operations Manager. From this evidence, the jury could properly return a verdict for defendant even under plaintiff's theory that the arbitration agreement is unambiguous.

Plaintiff next contends that, even if the phrase "Operations Manager" is ambiguous, then the phrase must be construed against defendant such that it refers only to an individual holding the job title of Operations Manager which, according to plaintiff, Mr. Riddle did not hold. As just explained however, the evidence at trial was sufficient to permit a finding that Mr. Riddle held the job title of Operations Manager. This argument, then, is rejected.

*Motion for New Trial*

In support of her motion for new trial, plaintiff first contends that the court's Instruction No. 12 was erroneous. When evaluating a challenge to a jury instruction, the court assesses "not whether the instructions were flawless, but whether taken as a whole they accurately informed the jury of the issues before it and the governing legal principles by which to reach a decision." *Royal Maccabees Life Ins. Co. v. Choren*, 393 F.3d 1175, 1179 (10th Cir. 2005). Instruction No. 12 reads as follows:

> In this case, it is undisputed that both David Riddle and Ms. Clutts signed the arbitration agreement. It is further undisputed that the arbitration agreement contains the following language:
>
> [T]he Store or Operations Manager's signature below will serve to

4

> bind Dillard's to uphold its obligations under this Agreement.
>
> The dispute in this case centers solely on whether Mr. Riddle, at the time he signed the agreement on September 30, 2002, was "Operations Manager" at Dillard's Oak Park store as that phrase is used in the arbitration agreement such that his signature is sufficient to bind Dillard's to the arbitration agreement and render the agreement enforceable.
>
> The court has previously concluded that the phrase "Operations Manager" as used in the arbitration agreement is ambiguous such that it is for you as the jury to determine what meaning the parties intended by the phrase "Operations Manager" as used in the arbitration agreement and to determine whether Mr. Riddle, on September 30, 2002, was "Operations Manager" within the meaning of that phrase as you decide that it was used in the agreement.

According to plaintiff, Instruction No. 12 is erroneous because it fails to define the term "ambiguous" and because it fails to instruct the jury that the ambiguity must be construed against defendant as the drafter and in favor of plaintiff.

Plaintiff contends that the court should have instructed the jury that an "ambiguous" term in a contract is a term that is "unclear or capable of having more than one meaning." As the court explained at the instruction conference, plaintiff's suggested language is unnecessary. The meaning of the term "ambiguous" is evident from a reading of the phrase immediately following that term–"such that it is for you as the jury to determine what meaning the parties intended." Quite clearly, the instruction's statement that the ambiguous nature of the phrase "Operations Manager" requires the jury to determine the meaning of that phrase implies that the phrase is capable of having more than one meaning. Plaintiff, then, has not shown that the instruction was inaccurate or prejudicial in this respect.

Plaintiff's second challenge to Instruction No. 12 is that it fails to instruct the jury that

5

it should construe the ambiguity in the phrase "Operations Manager" against defendant and in favor of plaintiff. This argument was thoroughly addressed by the court during the instruction conference and, for the reasons explained by the court at that time, plaintiff's argument is rejected.

Plaintiff next contends that the court erred in admitting evidence concerning Mr. Riddle's job titles and responsibilities for the time period after 2002 and in denying plaintiff's motion in limine on that issue. A new trial based upon an erroneous evidentiary ruling is warranted only if that error prejudicially affected the substantial rights of a party. *See* Fed. R. Civ. P. 61; *Hidalgo v. Fagen, Inc.*, 206 F.3d 1013, 1020 (10th Cir. 2000). Evidence admitted in error is prejudicial only "if it can be reasonably concluded that with or without such evidence, there would have been a contrary result." *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1296 (10th Cir. 1998).

The court rejects plaintiff's argument. As explained to the parties in connection with plaintiff's motion in limine, while the issue for the jury was focused on whether Mr. Riddle was "Operations Manager" on September 30, 2002, evidence concerning Mr. Riddle's position or responsibilities before or after that date would nonetheless be probative to the extent such evidence gives rise to inferences as to Mr. Riddle's status on September 30, 2002. Accordingly, evidence concerning Mr. Riddle's title and responsibilities after September 2002 was not inherently excluded from the case and, indeed, was deemed admissible so long as the evidence permitted an inference from which the jury could conclude that Mr. Riddle either was or was not "Operations Manager" on September 30, 2002. Plaintiff does not challenge this rationale in her motion and she does not point to any specific evidence that should not have been admitted under

6

the court's limine ruling or that prejudiced her in any specific respect.

Finally, plaintiff contends that a new trial is warranted because the jury's verdict is against the weight of the evidence in light of the fact that the agreement must be construed against defendant. As explained above in connection with plaintiff's motion for judgment as a matter of law, plaintiff has not shown that the verdict is "clearly, decidedly or overwhelmingly" against the weight of the evidence and her motion is therefore denied. *Escue v. Northern OK College*, 450 F.3d 1146, 1157 (10th Cir. 2006).


**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for judgment as a matter of law or, in the alternative, for new trial (doc. 74) is denied.


**IT IS SO ORDERED** this 7th day of November, 2007.


                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge